# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT MCQUILKIN | CRIMINAL ACTION<br><br>No. 94-356-01 |

### MEMORANDUM

On June 1, 2009, defendant Robert McQuilkin filed a motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which allows this court to "modify a term of imprisonment" "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Defendant argues that Application Note 2 to section 4B1.1 of the United States Sentencing Guidelines ("the Guidelines"), which became part of the Guidelines as Amendment 506, "defines the term 'offense statutory maximum' in § 4B1.1 to mean the statutory maximum prior to any enhancement based on prior criminal record," Mot. at 2, and that his sentence on the basis of an "offense statutory maximum" including enhancements based on his prior criminal record was therefore impermissible.

The current version of Application Note 2 is unambiguously at odds with McQuilkin's interpretation: It states that the "offense statutory maximum" "refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of

violence or controlled substance offense, *including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record*." U.S.S.G. § 4B1.1, Application Note 2 (emphasis supplied).

Even if Application Note 2 could be interpreted as McQuilkin suggests, however, he would not be entitled to relief. Defendant presented the same argument to the Third Circuit on appeal from his judgment of sentence at a time when Application Note 2 did, in fact, "direct the sentencing court to ignore any increases in the offense statutory maximum based on the defendant's prior criminal record." *United States v. McQuilkin*, 97 F.3d 723, 731 (3d Cir. 1996). The Third Circuit nevertheless rejected McQuilkin's argument, holding that the relevant portion of Application Note 2 was invalid in light of the clear language of 28 U.S.C. § 994(h), which directs the United States Sentencing Commission to "assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for" defendants who have been previously convicted of certain felonies. *Id.* at 731-32. The Supreme Court of the United States subsequently agreed. *See United States v. LaBonte*, 520 U.S. 751 (1997). Defendant's argument that Application Note 2 entitles him to relief is accordingly foreclosed by Supreme Court and Third Circuit precedent as well as by the current language of the Guidelines.

In his motion and reply brief,[1] McQuilkin raises several other arguments

---

[1] This court construes defendant's Motion for an Enlargement of Time to File a Response in Traverse to the Justice Department's Response to Petitioner's § 3582(c)(2)

concerning his sentencing. None of these arguments, however, concerns the lowering of a sentencing range by the Sentencing Commission. They are therefore not appropriately considered on this motion.

Similarly, McQuilkin filed a "Motion in Supplement" to his § 3582(c)(2) motion on February 22, 2010, that supplement argues that *Leocal v. Ashcroft*, 543 U.S. 1 (2004), constitutes an "intervening change in the law" that entitles him to relief. Mot. in Supp., at 6. *Leocal*, however, is not an intervening change, given that it was decided four and a half years before defendant filed his § 3582(c)(2) motion on June 1, 2009. It also is not the proper subject of a § 3582(c)(2) motion, as it is a Supreme Court decision concerning deportation proceedings, not an alteration of the Guidelines by the Sentencing Commission.

For these reasons, defendant's motion and motion in supplement will be denied. An appropriate order follows.

---

Motion (docket no. 128) as a motion for leave to file a reply brief before July 31, 2009. So construed, the motion is, *nunc pro tunc*, granted.